IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR221 |
| vs. | ORDER |
| KORDAYE CARTER, | |
| Defendant. | |

This matter is before the Court on the motion seeking generally the disclosure of the identity of the government's confidential informant (C/I) and the production of unredacted police report(s) filed by Defendant Kordaye Carter ([Filing No. 40](#)).[1] The government agrees to the granting of the motion, in part, and otherwise opposes the motion ([Filing No. 45](#)).

Defendant seeks an order requiring the government to disclose the identity of its C/I, asserting that such individual participated in, and otherwise witnessed, certain events which led to his arrest and the instant prosecution. He further asserts that the identity of the C/I, and the disclosure of such individual through the production of unredacted police report(s), may lead to exculpatory and/or impeaching information of which he is entitled under *Brady* and *Giglio*. The government agrees to the disclosure of the identity of the C/I within fourteen (14) days of trial, but opposes the production of unredacted police report(s), arguing that the redactions are limited to an internal case identifier, internal witness identifying number, and internal indexing information. ([Filing No. 45 at page 3](#)).

"The need for protecting the identity of government informants is well recognized." *[United States v. Foster](#)*, 815 F.2d 1200, 1202-03 (8th Cir. 1987) (citations omitted)). "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." *[United States v. Hollis](#)*, 245 F.3d 671, 674 (8th Cir. 2001) (quoting *[United States v. Harrington](#)*, 951 F.2d 876, 877 (8th Cir. 2001)).

---

[1] Defendant's filing was captioned "BRIEF IN SUPPORT OF MOTION TO COMPEL DISCLOSURE AND PRODUCTION OF CONFIDENTIAL INFORMANTS AND UNREDACT THE POLICE REPORT." Despite counsel's failure to comply with NECrimR 12.3(b)(1), the court will treat Defendant's filing as both a motion and a supporting brief. Counsel is reminded to comply with the local rules of the Court in future filings.

"[T]he defendant bears the burden of demonstrating the need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citing *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998). "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *Lapsley*, 334 F.3d at 763-64 (quoting *United States v. Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997)). When weighing the interests of the accused against the interests of the public, "the court must consider the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *United States v. Harrington*, 951 F.2d at 877 (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)). The defendant must demonstrate that the disclosure of an informant's identity "is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez–Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61.

The government represents to the court that it will offer testimony from its C/I, and has provided redacted reports to the defense. The government asserts that the identity of the C/I has not yet been disclosed to the defense in order to limit the risk of danger to such individual (Filing No. 45 at page 3).

The Court finds that Defendant has met his burden to show a need for the disclosure of the identity of the government's C/I; however, the Court finds that Defendant has not demonstrated the need for the production of unredacted police report(s) given the nature of the redactions and the government's intention to otherwise disclose the identity of such individual. The two count Indictment (Filing No. 1) charges Defendant with distribution of a controlled substance and the use of a weapon, which the parties have each stated involved the government's C/I. Thus, this individual is more properly characterized as a witness to the offenses charged, rather than a confidential informant. See *Morris*, 53 F.3d at 206 ("Where the witness is . . . witness to the offense charged, disclosure will almost always be material to the accused's defense."). The Court

2

further finds that the identity of the government's C/I is relevant to the accused's defense. However, the government has asserted legitimate concerns for the safety of the witness if his/her identity was disclosed. Therefore, the Court will only order disclosure of the witness's identity fourteen calendar days prior to trial. Accordingly,

**IT IS ORDERED:** Defendant's motion at [Filing No. 40](Filing No. 40) is granted in part, and denied in part. The government shall disclose the identity of its confidential informant and witness to the defense at least fourteen (14) calendar days in advance of trial, and otherwise comply with its constitutional obligations under *Brady* and *Gigilio*. The government is not required to produce to the defense unredacted police report(s), unless doing so would be necessary to otherwise comply with this Order. The remainder of Defendant's motion is denied.

**DATED this 22nd day of November, 2017.**

        **BY THE COURT:**

        **s/ Michael D. Nelson**
        **United States Magistrate Judge**