IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR221 |
| vs. | |
| KORDAYE CARTER, | ORDER |
| Defendant. | |

This matter is before the court on Defendant's Amended Motion to Dismiss Based Upon Outrageous Government Conduct and Newly Discovered Evidence ([Filing No. 66](#)). The Court has reviewed the Defendant's Amended Brief ([Filing No. 64](#))[1] in support of the motion along with the government's Response to Defendant's Amended Motion to Dismiss ([Filing No. 74](#)).

Defendant first seeks a dismissal of the Indictment based upon allegations of outrageous government conduct and requests an evidentiary hearing. The government opposes the motion. While Defendant bears a heavy burden in establishing a basis for dismissal on such grounds, the matter will be set for an evidentiary hearing.

Although Defendant has titled [Filing No. 66](#) as an "Amended Motion to Dismiss," included in the 41-page Amended Brief in support of that motion is a section titled "Motion for Discovery," wherein Defendant seeks additional relief based upon various discovery concerns of Rule 16 disclosure, adherence to obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and disclosure and production for a deposition and/or in camera examination of the government's confidential informant. ([Filing No. 64 at pp. 28-37](#)). The government represents that Rule 16 discovery has been provided, understands its constitutional obligations regarding exculpatory and impeachment materials, and states that it will disclose the identity of the confidential informant and provide further discovery materials 14-days in advance of trial, in accordance with the Court's previous Order ([Filing No. 47](#)). Defendant's requests for disclosure, to the extent they are considered properly raised, are

---

[1] The Amended Motion and Amended Brief (Filing Nos. [64](#) and [66](#)) in this case are essentially identical to the Amended Motion and Amended Brief filed by same defense counsel in a separate case, *United States v. Bonner*, 8:17cr222 (Filing Nos. 49 and 50), and arise out of the same factual circumstances.

therefore moot. The government has further stated that it intends to adduce testimony from the yet-to-be identified confidential informant during the trial, negating the basis or necessity for a deposition or an in camera examination. Thus, to the extent that the Court considers these requests properly raised, such requests are either moot or not ripe.

Finally, Defendant also includes in his Amended Brief a section titled "Motion for Jury Instruction on Entrapment," requesting that an instruction on the affirmative defense of entrapment be given to the jury. Whether sufficient grounds are established for such an instruction must be determined at trial. See *United States v. Herbst*, 666 F.3d 504, 511 (8th Cir. 2012)("A defendant is entitled to an entrapment instruction only where there is sufficient evidence from which a reasonable jury could find entrapment.")(internal quotation omitted). Therefore, to the extent the Court considers Defendant's "Motion" contained in his brief an appropriate method of raising this request, such request is premature. Accordingly,

**IT IS ORDERED:**

1. Defendant's Amended Motion to Dismiss Based Upon Outrageous Government Conduct and Newly Discovered Evidence (Filing No. 66) is set for an evidentiary hearing before the undersigned magistrate judge on **Wednesday, May 2, 2018, commencing at 9:30 a.m.,** in Courtroom No. 6. The hearing will be joined with the hearing on the similar motion filed in the case of *United States v. Bonner*, 8:17cr222, unless either party objects.

2. Defendant's request for an instruction on the affirmative defense of entrapment is denied without prejudice, subject to reassertion at trial;

3. Defendant's remaining requests in are denied as set forth above; and

4. Defendant is granted leave to file exhibits in support of the Amended Motion to Dismiss Based Upon Outrageous Government Conduct and Newly Discovered Evidence (Filing No. 66) as a restricted document in advance of the evidentiary hearing. See NECrimR 12.6.

Dated this 28th day of March, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge