IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-221 |
| vs. | |
| KORDAYE CARTER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 153) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 153) to the presentence report in several respects, but the Court's tentative findings are that the objections lack merit.

To begin with, the defendant objects to the presentence report's list of aliases associated with the defendant. Filing 153 at 2. But, as the addendum to the presentence report notes, the aliases "are contained in the Identifying Data portion of the Presentence Investigation Report. The alias names were obtained from the FBI database. Although [the defendant] denies use of same, the names have been entered into the database and connected to [the defendant]." Accordingly, the Court concludes that it's appropriate for the presentence report to accurately reflect existing law

enforcement records. And in any event, the defendant has not pointed out any way in which he is prejudiced on this point.

Next, the defendant objects to the presentence report's description of the plea agreement as providing that the defendant "waives the right to seek or receive a sentence reduction pursuant 18 U.S.C. 3582(c)(2)." Filing 153 at 2. But that's literally the exact language of the plea agreement. Filing 137 at 2-3. The defendant seems to be concerned about whether the Bureau of Prisons or the Court could at some point reduce the defendant's sentence based on a future Guidelines amendment. *See* filing 153 at 2. But it's not the proper function of the presentence report to speculate about authority to reduce a sentence in the event of a hypothetical change to the Guidelines. The presentence report, in this respect, is simply reciting the terms of the plea agreement—and it has recited them accurately.

The defendant also "objects to the statement the nature of the instant offense or the defendant's criminal history may present a third party risk to an employer, individual, or group because a third party risk does not exist." Filing 153 at 2. But the presentence report *also* clearly says that "[p]resently, no third-party risk is identified." And in any event, the Court sees nothing inaccurate about the observation that the *nature* of the defendant's offenses and criminal history—which involve drugs, weapons charges, and assaultive conduct—could at some point present a risk to a third party.

Next, the defendant objects to the assessment of a criminal history point for possession of less than an ounce of marijuana. Filing 153 at 2. The defendant's argument seems to be that possession of less than an ounce of marijuana is a "local ordinance" violation under Nebraska law for purposes of U.S.S.G. § 4A1.2(c). But it's also a violation of Nebraska state law. *See* Neb. Rev. Stat. § 28-416(13). And although it's only an infraction, the Eighth Circuit has repeatedly said that's enough for it to warrant a criminal history point. *United States v. Jenkins*, 989 F.2d 979, 979-80 (8th Cir. 1993); *see United States v. Wright*, 329 F. App'x 42, 44 (8th Cir. 2009); *United States v. Thacker*, 41 F. App'x 18 (8th Cir. 2002); *see also United States v. Thompson*, No. 4:14-CR-3073, 2016 WL 447833, at \*2 (D. Neb. Feb. 4, 2016); *United States v. Swan*, 327 F. Supp. 2d 1068, 1074 (D. Neb. 2004); *cf. United States v. Ruacho*, 746 F.3d 850, 854-55 (8th Cir. 2014); *United States v. Foote*, 705 F.3d 305, 307-09 (8th Cir. 2013).

Finally, the defendant objects to a one-point assessment for "excess window tinting," which he says is a traffic infraction. Filing 153 at 3. Perhaps so—but the charge for excess window tinting was dismissed. Instead, as both the presentence report and the addendum make clear, the criminal history point at issue was actually assessed for being convicted of possessing less than an ounce of marijuana—which, as discussed above, merits a criminal history point.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later

resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 25th day of March, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge